IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


GREGORY ALLEN RICE, #340065        *
                   Plaintiff
          vs.                     *     CIVIL ACTION NO. PJM-07-3378

WARDEN ROWLEY, et al.          *
                Defendants.
                      ***

**<u>MEMORANDUM OPINION</u>**

Pending are Defendants' Motion to Dismiss or for Summary Judgment, and Plaintiff's Oppositions. [1] The case is set for dispositive review. Upon review of pleadings and exhibits filed, the Court finds an oral hearing in this matter is not needed. *See* Local Rule 105.6 (D. Md. 2010).

Background

Plaintiff's Complaint, filed on December 17, 2007, seeks injunctive relief (transfer to a medium security facility of his choice) and damages. He alleges that on September 25, 2007, he was removed from the Eastern Correctional Institution ("ECI"), a medium security institution, and transferred to the North Branch Correctional Institution ("NBCI"), a maximum security facility. Plaintiff claims the transfer occurred without good cause or due process notice or hearing. ECF No. 1 at p. 2. He further asserts that the transfer violated Division of Correction ("DOC") Directives and was "inappropriate for a prisoner of my history and security status." Plaintiff also argues that NBCI is geared for violent inmates and inmates who have exhibited or participated in gang-related

---

[1]      Plaintiff's original Motion for Summary Judgment was denied without prejudice on August 19, 2008. ECF Nos. 6 & 25. Defendants' original Motion to Dismiss or for Summary Judgment was denied without prejudice on March 4, 2009, and the case was stayed at that time pending the proceedings in *Cabana v. Warden, et al.*, Civil Action No. JFM-07-2205 (D. Md.). ECF No. 32. On April 4, 2010, the stay was lifted, counsel was ordered to supplement the existing record and the parties were granted additional time to file supplemental responsive pleadings. ECF No. 36. Defendants chose not to supplement the record or seek to renew their summary judgment request. Upon further consideration, the Court finds that Plaintiff's allegations are factually and legally distinctive from the NBCI Special Management Unit ("SMU") and Behavioral Modification Program ("BMP") due process issues set out in *Cabana*. The Court shall therefore vacate the decision to deny summary judgment without prejudice and shall consider all responsive pleadings.

violence. He claims that housing medium security inmates at a maximum security facility will subject him to danger and will affect his parole eligibility, "obviously prejudicing" him, given his status as a medium security inmate, and forcing him, as a non-violent inmate, to live "under mental anguish."[2]   ECF No. 1 at p. 2.

In a court-ordered Supplemental Complaint Plaintiff alleges that he was subject to the cell search procedures of NBCI, which involves the handcuffing of inmates behind their back during the search process, causing him to suffer flashbacks of his arrest.  ECF No. 4.  He additionally claims that a "strip search" at NBCI involves the removal of all clothing and a flashlight examination of the anal cavity.  He asserts that both search processes are more invasive than those at a medium security prison.   Plaintiff also again complains that he is being housed with extremely violent prisoners who are classified as maximum security and have displayed extremely aggressive behavior towards staff and other inmates.  *Id.*   He alleges that he has been denied fresh, clean air and that on September 25, 2007, he was told by ECI Remedy Coordinator Balderson that his transfer was in retaliation for his refusal to sign off on administrative remedies.  He claims that he does not fall into any of the criteria for NBCI transfer, such as escape risk or gang affiliation.

## Standard of Review

Fed. R. Civ. P. 56(c)(2) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat

---

[2]   The record shows that Plaintiff filed administrative remedies regarding his transfer and those remedies were subject to technical dismissals for untimeliness.  ECF No. 1 at Attachments.

the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Injunctive Relief

Plaintiff in part seeks transfer to a medium security facility of his choosing. A claim is moot when there is no longer a case or controversy to be ruled on by the Court. Under 42 U.S.C. § 1983, an actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). It is possible for events subsequent to the filing of the complaint to make an injunctive relief request moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). This is so even though such a case presented a justiciable controversy at an earlier point in time and

an intervening event rendered the controversy moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…" *See Lewis v. Continental Bank* Corp, 494 U.S. 472, 480 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Nakell v. Attorney General of North Carolina*, 15 F.3d 319, 322 (4th Cir. 1994) (quoting *Lewis,* 494 U.S. at 477). To the extent that Plaintiff is seeking injunctive relief, the claim was mooted when he was transferred from NBCI to the Jessup Correctional Institution ("JCI") in February of 2008. His due process claim for damages for the past wrongs alleged, however, is not moot, and will be analyzed below.

Due Process

In order to be entitled to the protections of the Due Process Clause, Plaintiff must have a constitutionally protected liberty interest at stake. If such an interest is found, the question becomes what due process protections are required. In its decision in *Sandin v. Conner*, 515 U. S. 472 (1995), the Supreme Court sought to focus attention on the nature of the deprivation, stating that a liberty interest may be created when State action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, *Sandin* requires that the due process inquiry focus on the type of deprivation. *Id*. Following the reasoning of the Supreme Court in *Sandin*, the Fourth Circuit held that a liberty interest is not implicated when inmates are placed on administrative segregation, because when compared with the conditions they

4

would expect to experience as an ordinary incident of prison life, such placement does not constitute an atypical and significant hardship. *See Beverati v. Smith*, 120 F.3d 500, 502-04 (4th Cir. 1997).

According to Defendants, Plaintiff was transferred from ECI to NBCI on September 25, 2007 and remained housed at NBCI as a medium security inmate, on general population, until February 19, 2008, when he was transferred to JCI.[3] ECF No. 26, Exs. 1-5. His known enemies were not housed at NBCI. *Id*., Ex. 6. Defendants acknowledge that NBCI is classified as a maximum security prison and that during cell searches NBCI inmates are handcuffed behind their backs for security purposes, strip searches are conducted in a private area by at least two male officers, and a flash light is sometimes used to ensure that no contraband is hidden. Officers do not touch the inmate. *Id*., Ex. 7 at Campbell Decl. Defendants state that lockdowns occur at NBCI when the security of the prison needs to be ensured. They contend that lockdown mass searches often occur.

Defendants affirm that NBCI general population inmates receive an hour of recreation each day and it occurs outside in an area with an open roof where "fresh and clean air circulates." *Id*. They affirm that while assigned to general population Plaintiff was classified as a worker in the gymnasium. Defendants refute Plaintiff's claim of retaliatory transfer, stating that he was not advised by Sgt. Balderson that he was being transferred from ECI to NBCI due to the number of administrative remedy requests he had filed. *Id*., Ex. 8 at Balderson Decl.

In his responses, Plaintiff claims that Defendants' exhibits and declarations are either irrelevant, invalid, or perjurious. ECF Nos. 31 & 44. He argues that as Defendants have failed to provide the reasons for his transfer it proves that it was in reprisal for his filing of grievances and his transfer was "not justifiable and clearly was retaliatory and also violated [the] DOC's own policy."

---

[3]     Plaintiff is currently assigned to general population at the Brockbridge Correctional Facility and is classified minimum security. ECF Nos. 37 & 43.

Defendants maintain that Plaintiff had no constitutional right to remain at ECI, and the transfer to NBCI does not implicate a liberty interest under *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 270 (1976); and *Paoli v. Lally*, 812 F.2d 1489 (4th Cir. 1987). The Court concurs. While Plaintiff claims that the conditions of general population at NBCI were more onerous than those he experienced at ECI because of the cell and strip search process, the lack of fresh air, and the housing of more violent inmates, he has failed to sufficiently rebut Defendants' affirmations regarding the search processes and outdoor recreation to show that his five month housing on NBCI general population, during which time he was assigned as a recreational worker, imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Retaliation

Plaintiff claims that he was transferred to NBCI because of his filing of administrative remedies. While retaliation against an inmate for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983, *see American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 785-86 (4th Cir. 1993), Plaintiff "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the prison officials' decision..." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). To state a claim of retaliation, Plaintiff must allege more than his personal belief that he is the victim of retaliation. Conclusory allegations of retaliation are not sufficient; Plaintiff must allege facts from which retaliation may plausibly be inferred. *See Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000); *Crenshaw v. Hartman*, 681 F.Supp.2d 412, 416 (W. D. N. Y. 2010). There is no factual support in the record or Complaint that Defendants' actions were grounded in retaliatory animus. Rather, Plaintiff has raised the claim in a conclusory manner and the materials before the Court,

including Sgt. Balderson's Declaration, show that Defendants had no retaliatory reason for transferring him to NBCI, where he remained on medium security status and general population. Summary judgment shall be granted as to this claim.[4]

<h2 style="text-align:center">Conclusion</h2>

In light of the above analysis, Defendants' Motion to Dismiss or for Summary Judgment, construed as a motion for summary judgment, shall be granted.[5]  A separate Order follows.


November 18, 2010                                        /s/
                                            PETER J. MESSITTE
                                            UNITED STATES DISTRICT JUDGE

---

[4]      To the extent that Plaintiff raises a claim of cruel and unusual punishment as a result of the presence of violent inmates, the lack of fresh air, and the cell and strip searches he was exposed to while on NBCI general population, the Court finds no Eighth Amendment violation.  Routine discomfort is part of prison life. *See Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996), *citing Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992).  "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).  There is no evidence that Plaintiff suffered serious or significant physical or emotional injury as a result of his general population confinement at NBCI.

[5]      In any event, the Court observes that Plaintiff has only named NBCI Warden Rowley and the DOC as Defendants.  There is no allegation hat Rowley was personally involved in Plaintiff's transfer to NBCI and he has provided no evidence demonstrating supervisory liability on the part of the Warden. *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Further, the DOC is not  a "person" within the meaning of § 1983,  *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989), and the Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996.  The DOC is protected from suit for monetary damages by Eleventh Amendment sovereign immunity.